May Term, 1855.

PATE
v.
HULL.

---

PATE *v.* HULL.

The rule requiring printed briefs in the Supreme Court was adopted in *May*, 1853, and took effect at the *November* term, 1853. This cause was submitted in *May*, 1854, and the plaintiff in error filed a written brief only. *Held*, that all errors were thereby waived.

ERROR to the *Ripley* Circuit Court.

STUART, J.—Assumpsit by *Hull* against *Pate*, on two promissory notes of 1,000 dollars and 700 dollars respectively. The defendant appeared and filed a general demurrer to the declaration, which the Court overruled. On failure to make further defence, there was judgment on demurrer.

The cause was tried in *March*, 1853. It was submitted in this Court in *May*, 1854. On the part of *Pate*, who prosecutes error, there is a written brief filed in contravention of the rule. The rule requiring printed briefs was adopted in *May*, 1853, and took effect at the *November* term, 1853. Consequently, a written brief filed in *May*, 1854, operated as a waiver of errors.

We are thus forced to the conclusion that the object of bringing the case to this Court was delay.

This conclusion is confirmed by the errors assigned in writing, viz., 1. The service was not good, being unofficial. 2. The defendant did not appear regularly. 3. The defendant should have been called and defaulted.

*Friday,
June 1.*

The assignment of such errors, in connection with the foregoing facts disclosed in the record, that he had appeared and filed a demurrer, &c., points to but one conclusion.

The hinderance of creditors is not a legitimate object to be attained by resort to the appellate powers of this Court.

*Per Curiam.*—The judgment is affirmed, with 10 per cent. damages and costs.

*A. Brower*, for the plaintiff.

*G. Holland*, for the defendant.